IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS HATCHER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2022-cv-3720 |
| ) | |
| HIGHLAND PARK CVS, L.L.C., ) | |
| d/b/a CVS PHARMACY #8598, ) | |
| CVS PHARMACY, INC., ) | |
| and UNKOWN CVS ) | |
| PHARMACY EMPLOYEE ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants, CVS Pharmacy, Inc. ("CVS"), by its undersigned counsel, hereby notifies this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that it is removing the above-captioned action from the Circuit Court of Cook County, Illinois, No. 2022 L 004999, to the United States District Court for the Northern District of Illinois, Eastern Division and, in support thereof, state as follows:

### I. Background

1. On June 3, 2022, Plaintiff filed her Complaint at Law in the Circuit Court of Cook County, Illinois, naming Highland Park CVS, L.L.C. ("Highland Park"), CVS Pharmacy, Inc. and "Unknown CVS Pharmacy Employee." *See* Plaintiff's Complaint at Law is attached as **Exhibit A**. CVS was served on June 16, 2022. *See* Service of Process Documents, attached as **Exhibit B**.

2. Plaintiff alleged that on June 8, 2020, she was injured when an "Unknown CVS Employee" maneuvered an inventory cart into her at the store located at 3156 W. 103rd Street, in Chicago, County of Cook, State of Illinois (the "Premises"), causing severe and permanent

physical internal and external injuries, and great pains, discomfort and physical impairment. *See* **Ex. A at Count I, ¶7.**

3. Defendant CVS Pharmacy, Inc. removes this matter on the basis of diversity jurisdiction. Plaintiff is a citizen of Illinois. Each of the properly named Defendants (Highland Park and CVS) are citizens of other states: CVS is a Rhode Island corporation; Highland Park is a limited liability company with its sole member being CVS, a Rhode Island corporation with its principal place of business in Rhode Island.

4. The identity and citizenship of the Unknown CVS Employee defendant is not alleged or known, and should therefore be disregarded for removal.

5. In addition to diversity of citizenship, there is a reasonable probability that the amount in controversy in this matter exceeds $75,000 given that Plaintiff claims permanent injuries, lost income, and past a future medical expenses.

II. **Diversity Jurisdiction Exists**

    a. **Diversity of citizenship exists.**

6. Plaintiff does not plead her residency or state of citizenship in the Complaint. The state court docket lists Plaintiff's address as 1221 W. 108th Place, Chicago, IL 60643, which is in Cook County, Illinois.

7. Plaintiff does not allege, nor are there any records that to indicate Plaintiff is a citizen of Rhode Island.

2

8. Highland Park is a limited liability company with the sole member being CVS Pharmacy, Inc.[1]

9. CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. **Ex. C.** CVS Pharmacy, Inc., therefore, is a citizen of Rhode Island. 28 U.S.C. § 1332(c)(1).

10. A limited liability company's citizenship is the location of each of its members. *Missouri Franchise Development Systems, LLC v. McCord*, 2007 WL 1149198, No. 0-CV-00099-DRH-DGW, at *1 (S.D. Ill. 2007), citing *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Highland Park's sole member (CVS Pharmacy, Inc.) is a citizen of Rhode Island. Therefore, Highland Park is likewise a citizen of Rhode Island for purposes of diversity.

11. For the purposes of removal, the alleged, fictitiously named, "Unknown CVS Pharmacy Employee" defendant's citizenship shall be disregarded. 28 U.S.C. § 1441(b)(1). ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1).").

12. Further, Plaintiff cannot prevail against an unknown defendant and, therefore, the alleged "Unknown CVS Employee" defendant is fraudulently joined to this action. A fraudulently joined defendant's presence in the federal lawsuit is ignored for purposes of determining diversity

---

[1] Should the Court need further evidence of the facts establishing the Rhode Island citizenship of CVS or Highland Park, please refer to the case filed in the United States District Court for the Northern District of Illinois, Case No. 1:22-cv-01906, titled Lois Gries v. CVS Pharmacy, Inc., Docket Entry 1-4, which is an affidavit of CVS's corporate assistant secretary. A copy of the pertinent filing is attached hereto as **Exhibit C**. CVS will provide an updated affidavit of its corporate assistant secretary should the Court deem it necessary.

3

when "there exists no 'reasonable possibility' that a state court would rule against the defendant." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)); *Clay v. Philip Morris USA, Inc.*, No. 18-cv-3549, 2018 WL 11198356, at *1 (N.D. Ill. Nov. 6, 2018) ("[T]he district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant.") (internal quotations omitted). Here, even if the purported unknown employee was a citizen of Illinois (the Complaint does not allege it), that purported employee should be disregarded as fraudulently joined because the Court cannot rule against an unknown person. Thus, complete diversity exists in this case.

        **b.**        **The amount in controversy exceeds $75,000.00.**

13.      Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).

14.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54. Once the Defendants have established that the required amount in controversy is probable, only if it is legally impossible for Plaintiff to recover damages in excess of the jurisdictional requirements is federal jurisdiction precluded. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Oshama v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

15. While Defendants deny all liability in this matter and deny Plaintiff is entitled to damages in any amount, the amount in controversy in this matter exceeds $75,000. Plaintiff made a pre-suit settlement demand of Three Hundred and Sixty Thousand Dollars ($360,000.00). In her *ad damnum* clauses in each count of the Amended Complaint, Plaintiff "prays judgment against [the defendant] in a sum greater than Fifty Thousand Dollars ($50,000.00). **Ex. A at Count I, ¶7.** Further, Plaintiff claims she "was severely and permanently injury both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became and was sick and disabled, and suffered, and will in the future suffer, great, pains, discomfort and physical impairment, all of which injuries are permanent. *Id.* In light of the injuries and damages claimed, it is reasonably probable that the amount in controversy exceeds $75,000.00.

16. Pursuant to 28 USC §1332, diversity jurisdiction exists as there is complete diversity of citizenship amongst the properly named parties in this case and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

### III. Venue

17. The United States District Court for the Northern District of Illinois is the federal judicial district embracing Cook County, Illinois and, therefore, venue for purposes of removal lies with this Court pursuant to 28 U.S.C. §1441(a).

### IV. The Procedural Requirements for Removal Have Been Satisfied

18. A demonstrated above, complete diversity exists and the amount in controversy requirement is satisfied. Therefore, CVS hereby removes this matter to the United States District Court for the Northern District of Illinois, Eastern Division.

19. Further, the notice of removal must be filed within thirty days after the formal service of process on CVS. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

20. This removal is timely because it is filed within thirty days of service of process on CVS. *See* **Ex. B.**

21. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

22. This district has recognized the various exceptions to the general rule regarding unanimous consent. *See, e.g.*, *Willey v. Midwest Telecomm. Sys., Inc.*, No. 20220, 1991 WL 166980, at *1 (N.D. Ill. Feb. 11, 1991) (exception for unknown defendants, nominal and formal parties, and defendants fraudulently joined); *Gallagher v. Max Madsen Mitsubishi*, No. 90-0508, 1990 WL 129611, at *7 (N.D. Ill. Aug. 27, 1990) (exception where plaintiff's claim against removing defendant was separate and independent from the other claims in the suit); *Carver v. Sears Roebuck & Co.*, No. 86-7339, 1986 WL 11380, at *1 (N.D. Ill. Oct. 6, 1986) (exception for defendant not yet served).

23. Here, the only defendants to be served are CVS and Highland Park. The alleged unknown CVS employee has not been served.

24. Highland Park consents to removal of this matter to federal court as provided by 28 U.S.C. §1446(b).

25. Consent of the alleged unknown CVS employee is not required because it has not yet been served.

6

26. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants are included in the attached Exhibits. An unofficial copy of the state court Docket Sheet as of July 18, 2022 is also included as **Exhibit D**.

27. Prompt written notice of this Notice of Removal is being sent to all parties of record through counsel as well as to the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. §1446(d). *See* Notice of Filing Notice of Removal.

28. By filing this Notice of Removal, CVS is not waiving and expressly reserves the right to contest personal jurisdiction, venue and the sufficiency of the Complaint at Law and the right to assert any defenses available to them under any state or federal law.

29. Defendants request a jury trial.

WHEREFORE, Defendant, CVS Pharmacy, Inc. respectfully gives notice that the above action, now pending against it in the Circuit Court of Cook County, Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: July 18, 2022

                                               Respectfully submitted,

                                               /s/    *Benjamin D. Lothson*

                                               Richard J. Keating, Jr. (Rkeating@smbtrials.com)
                                               Benjamin D. Lothson (blothson@smbtrials.com
                                               **SWANSON, MARTIN & BELL, LLP**
                                               330 N. Wabash, Suite 3300
                                               Chicago, Illinois 60611
                                               (312) 321-9100
                                               (312) 321-0990 (fax)
                                               *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th Day of July 2022, I served the above document upon all counsel of record through electronic mail.

/s/ *Benjamin D. Lothson*